IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                           :
                                 :
PATRICK MCHUGH,                  :     Chapter 11
                                 :
                                 :     Case No. 03-30291(DWS)
            DEBTOR               :

# PLAN OF REORGANIZATION
# DATED NOVEMBER 17, 2003

Paul J. Winterhalter
DiDonato & Winterhalter, P.C.
1818 Market Street, Suite 3520
Philadelphia, PA  19103
(215) 564-4119
Counsel for Debtor

*PJW.November 14, 2003 (3:42PM)*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                          :
                                :
PATRICK McHUGH,                 :    Chapter 11
                                :
                                :    Case No.03-30291(DWS)
        DEBTOR                  :

### AMENDED PLAN OF REORGANIZATION
### DATED NOVEMBER 17, 2003

Patrick McHugh, being the Debtor In Possession, hereinafter referred to as the "Debtor" in this Chapter 11 proceeding, having filed a voluntary petition for Bankruptcy relief under Chapter 11 of Title 11 of the United States Code on July 7,2003 proposes the following Plan of Reorganization pursuant to 11 U.S.C. §1121, et seq.

### I.   INTRODUCTION

This Amended Plan of Reorganization is being submitted by the Debtor to the Bankruptcy Court pursuant to 11 U.S.C. Section 1127(b). This Plan succeeds any and all prior Plans filed in this case or in any predecessor case. Only the express terms of this Plan shall control. This Amended Plan of Reorganization shall be hereinafter referred to as the "Plan."

It is the opinion of the Debtor that the Plan provides for the optimum payments to the creditors within the shortest practical period of time given the number of creditors, and the resources and abilities of the Debtor. Funding for the Plan, as more

specifically delineated herein, is to be accomplished from the sale of the debtors interest in a parcel of real estate located at 2890 Old Cedar Grove Road in Marple Township, Pennsylvania and from the receipt of certain settlement proceeds collected in conjunction with the resolution of pre-petition litigation.

II. **DEFINITIONS**

As used herein, the following words or phrases have the following meaning:

1. <u>Administrative Creditor:</u> Any person or entity entitled to payment of an Administrative Expense.

2. <u>Administrative Expense:</u> Any cost or expense of the administration of the Chapter 11 proceeding allowed under §503(b) of the Bankruptcy Code, including without limitation, any and all expenses of preserving the Debtor's estate, any and all post-petition expenses of the Debtor, any and all allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under §330 of the Bankruptcy Code and any fees or charges assessed against the estate of the Debtor under Chapter 123 of Title 28 of the United States Code.

3. <u>Allowed Claim:</u> A claim as listed in the bankruptcy Schedules or as Amended Schedules filed in this case and not listed therein as disputed, contingent or unliquidated, or as set forth in a properly filed Proof of Claim filed prior to the date fixed by the Bankruptcy Court, or by applicable Rule or Statute, as the last date for filing such Proof of Claim, and to which no objection is filed prior to the date for distribution on account of such claim

under this Plan or has been determined to be allowed by Final Order of the Bankruptcy Court.

4. <u>Bankruptcy Court</u>: The Court in which this proceeding is pending, specifically being the United States Bankruptcy Court for the Eastern District of Pennsylvania, sitting in Philadelphia.

5. <u>Business Day:</u> A day on which commercial banking corporations organized under the laws of the United States, the Commonwealth of Pennsylvania and the United States Bankruptcy Court are open for business.

6. <u>Case/Proceeding</u>: The case/proceeding for the reorganization of the Debtor.

7. <u>Chapter 11</u>: Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §1101 <u>et</u> <u>seq</u>. (as amended).

8. <u>Claim</u>: The right to payment from property of the Debtor.

9. <u>Claims Bar Date</u>: Any date set by an Order of the United States Bankruptcy Court following a Motion having been filed on behalf of the Debtor which obligates any person believing himself to have a claim against this Debtor to file a formal, written Proof of Claim in this Case.

10. <u>Code</u>: The Bankruptcy Code, 11 U.S.C. §101 <u>et</u> <u>seq</u>. (as amended).

11. <u>Confirmation Date</u>: The date on which the Bankruptcy Court shall enter an Order approving this Plan in accordance with the provisions of 11 U.S.C. §1121 <u>et</u> <u>seq</u>.

12. <u>Creditor</u>:  A person or entity holding a Claim, including that of his, her or its successor or assign.

13. <u>Effective Date</u>: Three business days following the Order confirming the Plan becomes a Final Order.

14. <u>Final Order</u>:  An Order as to which the time to appeal shall have expired and as to which there shall be no appeal pending.

15. <u>Initial Distribution Date</u>:  Shall be within thirty days following the Plan Effective Date, or the date in which all disputed claims are finally resolved, whichever is later.

16. <u>Plan</u>:  This Amended Plan of Reorganization submitted by the Debtor.

17. <u>Disclosure Statement</u>:  The Amended Disclosure Statement dated November 17, 2003 submitted by the Debtor to the Bankruptcy Court providing information regarding the Debtor's affairs, which accompanies this Plan pursuant to 11 U.S.C. §1125 (as amended).

18. <u>Reorganized Debtor</u>: The Debtor, being an individual shall be the individual whose financial responsibilities shall be defined consistent with the Confirmation of the Plan.

### III. CLASSIFICATION OF CLAIMS

The allowed claims against the Estate shall be classified as follows:

1. <u>Class I</u>:  Shall consist of all allowed claims of administrative costs and expenses incurred subsequent to June 4, 2001 as defined and provided under 11 U.S.C. §503.

2. <u>Class II</u>: Shall consist of the allowed and priority unsecured claims entitled to such priority treatment pursuant to 11 U.S.C. §507(a).

3. <u>Class III</u>: Shall be the secured claim of Willow Grove Bank holding a mortgage on the Debtor's property located at 2890 Old Cedar Grove Road in Broomall, Pennsylvania.

4. <u>Class IV</u>: Shall be the claim of the Internal Revenue Service on its tax lien.

5. <u>Class V:</u> Shall be the general unsecured claims of creditors who hold Allowed Claims against the Debtor.

B. <u>Treatment of Claims</u>

The Debtor's Plan further provides that these creditors will receive the following treatment:

1. <u>Class I - Administrative Claims</u>:

Each holder of a Class I Claim of the Chapter 11 case shall be paid in full on the earliest date from or after the Effective Date that it is or becomes an Allowed Claim, or is allowed by Final Order, or shall be paid upon such terms as may be agreed between the respective administrative claimant and the Debtor. Included in this class is the administrative expense claim for professional legal fees due to the counsel for the Debtor, DiDonato & Winterhalter, P.C. The counsel shall be required to file a Fee Application to gain the requisite. **This class is not impaired.**

2. <u>Class II</u> - <u>Priority Unsecured Claims:</u>

The Class II Priority Unsecured Claims, if any, shall be paid in full in cash on the Plan effective date or when their existing claims may become due. **This class is not impaired.**

3. <u>Class III</u> -<u>Secured Claim of Willow Grove Bank:</u>

Willow Grove Bank holds a mortgage lien on the Debtor's Maple Township Real Estate. In conjunction with this Plan the property will be sold for the total consideration of $360,000.00. Willow Grove Bank has agreed to accept $290,000.00 in full and final satisfaction of all claims it has under its mortgage. Upon the sale of the property, Willow Grove shall receive this sum and satisfy its Mortgage held against the property located at 2890 Old Cedar Grove Road in Marple Township, Delaware County, Pennsylvania. Further, upon receipt of the payment, all claims of the Bank against the Debtor shall be discharged and released. **This claim is not impaired.**

4. <u>Class IV</u> -<u>Lien Claim of the Internal Revenue Service:</u>

The Debtor and his professionals are presently unaware of the details or legitimacy behind this claim. The Debtor, through counsel will investigate the legitimacy of the claim and object to the claim if required. Otherwise, any valid portion of the claim will be paid from the proceeds of the sale of the property. **This Class is not Impaired.**

5. <u>Class V - General Unsecured Claims</u>:

The Debtor shall pay all allowed claims of general unsecured claims in full in cash, as soon as practical following confirmation of this plan and the satisfaction of all mortgage and valid lien creditors and all administrative claims of the bankruptcy case including any claim for fees due to the Office of the United States Trustee. **This Class is not impaired.**

### V.  BINDING TERMS OF PLAN

Upon the Effective Date, all of the provisions of this Plan shall be binding upon the Debtor, upon all creditors, and all entities who are affected or whose interests are affected in any manner by this Plan.

### VI.  PROVISIONS FOR THE IMPLEMENTATION OF THE PLAN

The Debtor's principal source of funding for the Plan is from the sale of the Marple Township Property. The property is under agreement and shall be sold in conjunction with this Plan of Reorganization. Separately the Debtor filed a Motion with the Bankruptcy requesting authority to sell the property and allow the purchaser to take possession, provided all net proceeds of the acquisition, after the payment of applicable closing costs and agreed mortgage liens, are held in escrow pending the Confirmation of the Debtor's Plan. A true and correct copy of the Real Estate Agreement of Sale is appended to the Disclosure Statement as Exhibit B. On November 12, 2003, the Bankruptcy Court did enter an Order authorizing the sale of the property to John and Maureen Chambers

for $360,000.00. **The sale of the subject property pursuant to the terms of this Plan shall be exempt from any and all applicable transfer or similar taxes pursuant to 11 U.S.C. §1146(c).**

Additionally, the Debtor will collect $7500.00 form each of the two Real Estate Brokers who were involved in the State Court litigation, consistent with the pre-petition settlement in consideration of releasing any remaining claim against each of them. The Debtor projects these funds alone will be sufficient to pay all allowed claims of the Debtor in full upon the Confirmation of the Debtor's Plan.

### VII. CLASSES IMPAIRED BY THE PLAN

Under this Plan, it is the Debtor's belief that no creditors will have their claims impaired by the approval of this Plan. Creditors in classes I, II, III, and VI are not impaired and are deemed to have accepted the terms of this Plan as proposed.

### VIII. DISBURSING AGENT

James Hennessey, Esquire shall act as disbursing agent pursuant to the Plan of Reorganization and shall manage and control the disbursement of all Plan payments of the Debtor while any Plan funding obligations are outstanding. The Disbursing Agent shall and agrees to comply with all requirements of Local Rule 3021-1 of the Local Rules of Bankruptcy Procedure for the Eastern District of Pennsylvania including the filing of all reports for all distributions. The proposed Disbursing Agent is a licensed Attorney with the

Dilworth, Paxson, LLP law firm in the Commonwealth of Pennsylvania and as a result it is proposed that no bond should be required pursuant to Local Rule 3016-1(e)(3). The Disbursing Agent shall be compensated by the Debtor for services rendered as the Disbursing Agent at his normal billing rates submitted on a monthly basis or as services are provided.

### IX. CONFIRMATION IF ANY CLASS REJECTS PLAN

The Debtor represents that the Plan has been proposed in good faith, does not discriminate unfairly and is fair and equitable. In the event that any Class of Creditors rejects this proposed Plan, it is the intention of the Debtor to seek implementation and confirmation of a Plan pursuant to the provisions of 11 U.S.C. §1129(b)(2) as it applies to the creditors in this case or any class of claims who should not accept this Plan.

### X. BAR DATES FOR CLAIMS

A. *Pre-Petition Claims*: A pre-petition claim not listed or listed on the Debtor's Schedules or Amendments thereto as disputed, unliquidated or contingent requires the filing of a Proof of Claim in accordance with Bankruptcy Rule 3003(c). The time for filing such Proof of Claim has not yet been set by Order of the United States Bankruptcy Court. All pre-petition claims being any claim which arose or may have arisen against this Debtor prior to July 7, 2001 may be required to be filed with the Bankruptcy Court by a certain date if established or otherwise is barred. If a proof

of claim has been filed with the Court and is objectionable, the Debtor shall file any objection to any claim no later than 60 days following the Confirmation Date.

  B. <u>Administrative Claims</u>: Proofs of Administrative Claim or Applications for the Allowance of Administrative Claims must be filed with the Bankruptcy Court within 60 days after the Confirmation Date, unless a later filing date is authorized by 11 U.S.C. §1129(a)(4).  The failure to file a timely Administrative Proof of Claim or Application for Allowance of Administrative Claim will result in the disallowance of any Administrative Claim.  **Any creditor with a claim, which was incurred subsequent to the petition date, but prior to the date of confirmation, which was not paid, must file a claim.**

  C. <u>Claims for Rejection of Executory Contracts</u>: Proofs of Claim for damages resulting from the Debtor's rejection of any executory contracts in this Plan or otherwise must be filed with the Court within 30 days after the Confirmation Date. Failure to timely file a Proof of Claim as a result of a rejection of executory contract will result in the disallowance of this Claim.

## VII. EFFECT OF CONFIRMATION

  A) <u>Revesting of Assets</u>.  Subject to the provisions of this Plan, the property of the estate of the Debtor not sold will revert in the reorganized Debtor on the Confirmation Date.  On the Confirmation Date, all such property of the Debtor will be free and clear of all liens, claims, interests, and encumbrances except as otherwise provided in the Plan. Following the payment of monies due to WGB under the Plan, all liens, and claims of WGB shall be

satisfied and removed. From and after the confirmation Date, the reorganized Debtor may attend to his financial affairs, and may use, acquire and dispose of property free from any restrictions of the Bankruptcy Code, except as otherwise provided in the Plan.

      B) <u>Section 1141 Discharge.</u> Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of claims under the Plan will be in exchange for and in complete satisfaction, discharge, and release of all claims including any interest accrued on claims from the Petition Date. Except as provided in the Plan or the Confirmation Order, confirmation will discharge the Debtor from all claims or other debts that arose before the Confirmation Date and all debts of the kinds specified in Sections 502(g), 502(h), and 502(I) of the Bankruptcy Code, whether or not a Proof of Claim based on such debt is filed or deemed filed pursuant to Section 501 of the Bankruptcy Code or a claim on such debt is allowed pursuant to §502 of the Bankruptcy Code.

      C) <u>Automatic Stay.</u> The Automatic Stay which is imposed upon the filing of the bankruptcy petition pursuant to 11 U.S.C. §362(a) shall remain in full force and effect consistent with the provisions of 11 U.S.C. §362(c).

      D) <u>Post Confirmation Professional Fees.</u> Professional fees incurred by any professional retained by the Debtor pursuant to 11 U.S.C. §327 for services rendered subsequent to the effective date of the Plan shall not be subject to application before or approval by the United States Bankruptcy Court. Post confirmation fees may be paid by the Reorganized Debtor, or from her property, upon the appropriate billing by Counsel for the Debtor. All professional fees incurred by the Debtor in Possession for services

rendered prior to the Effective Date of the Plan are subject to Bankruptcy Court Approval and to the payment deferral detailed above.

### XI. RETENTION OF JURISDICTION

Except as provided elsewhere in this Plan, the Bankruptcy Court shall retain jurisdiction of this proceeding pursuant to the provisions of Chapter 11 of the Bankruptcy Code, until a final allowance or disallowance of all claims affected by the Plan and with respect to the following matters:

(a) To enable the Debtor to consummate any and all proceedings which it may bring, prior to the entry of the Order of Confirmation, to set aside liens or encumbrances, to recover assets or damages to which it may be entitled under applicable provisions of the Bankruptcy Code, or other federal, state or local laws;

(b) To adjudicate all controversies concerning the classification or allowance of any Claim or equity security interest;

(c) To herein determine all Claims arising from the rejection of any executory contract, including leases, and to consummate the rejection and termination thereof, or with respect to any executory contract to which an application for rejection or termination is filed prior to the entry of an Order of Confirmation;

(d) To liquidate damages in connection with any disputed, contingent or unliquidated Claim;

(e) To adjudicate all Claims to a security or ownership interest in the property of the Debtor or in any proceeds thereof;

(f)  To fix allowances of compensation or other administrative expenses;

(g)  To consider any amendments or modifications to the Plan;

(h)  To adjudicate and determine any cause of action provided for under the Plan, provided that any such action for the purposes of adjudication of the Bankruptcy Code shall be commenced prior to the entry of an Order of substantial compliance or six months after the Order of Confirmation, whichever comes first; and

(i)  To make such Order as is necessary and/or appropriate to carry out and enforce the provisions of this Plan.

In addition, the Court shall retain jurisdiction to implement the provisions of this Plan in any matter as provided under 11 U.S.C. §1142.

## XII.  EXECUTORY CONTRACTS

Pursuant to §365(d)(2) and §1123(b)(2) of the Bankruptcy Code, all executory contracts to which the Debtor is a party, except as specifically assumed or except as provided elsewhere in this Plan, are hereby expressly rejected as of the Petition Date. Pursuant to the terms of 11 U.S.C. §365(g)(1), claims for damages as a result of or relating to the Debtor's rejection of any executory contract shall be classified as a Class VII claim. (General Unsecured)  Such claims shall be entitled to treatment and participation in the Plan, only if Proofs of Claim are filed in accordance with the provisions of this Plan.  If such claims are disputed, treatment and participation in the Plan will be accorded

after allowance or adjudication of the allowed claim status and final determination by the Bankruptcy Court.

### XIV. MISCELLANEOUS

A.  Default under the Plan. Except as otherwise provided in this Plan, and except for payments to taxing authorities, no default shall be declared under this Plan unless payment due under the Plan shall not have been made within 60 days of its due date and then only following 15 days prior written notice to the Debtor and the Law Firm of DiDonato & Winterhalter, P.C., 1818 Market Street, Suite 3520, Philadelphia, PA 19103, as counsel for the Debtor. A default to a taxing authority shall occur if payment is not made within 15 days following written notice of failure to make a scheduled payment when due. A default on the payments to WGB shall be governed by the terms of the Settlement, which forms part of this Plan, and not by the terms of this Section XIV(A).

B.  Finality. The Confirmation Order upon becoming a Final Order shall constitute a final binding ruling upon all creditors.

C.  Discharge.  Except as provided elsewhere in this Plan, and except for the payment of Tax obligations, all consideration provided pursuant to the Plan shall be in exchange for a complete satisfaction, discharge, and release of all existing

claims or interests of any nature whatsoever against the property owned by the Debtor except as otherwise provided in this Plan or in the documents executed to effectuate its terms. Taxes are not discharged until paid in full in accordance with the provisions of this Plan. Upon the effective date all existing claims against the assets and properties up to the date of confirmation of the Plan shall be satisfied, discharged, and released in full, and the holders of all claims shall be precluded from asserting against any assets or properties of the Debtor, other than the claims based upon any act or omission to act, transaction, or other activity of any kind or nature that occurred prior to the effective date, or except as provided elsewhere in this Plan. It is understood, however, that should any payment as required to a taxing authority not be paid for whatever reason the said allowed claim of the taxing authority shall not be dischargeable pursuant to 11 U.S.C. §523(a)(1).

   D. Authority to Effectuate Plan. The Debtor is authorized to take whatever action necessary and appropriate to execute and accomplish the provisions of this Plan.

   E. Modification of Plan.

The Debtor reserves the right in accordance with the Bankruptcy Code to amend or modify the Plan at any time prior to the confirmation date. After the confirmation date, the Debtor may, upon an Order of the Bankruptcy Court pursuant to 11 U.S.C. §1127(d) of the United States Code, remedy any defect or omission or

*PJW.November 17, 2003 (11:45am)*       15

reconcile any inconsistencies in the Plan in such manner as may be necessary to carry out the purposes and intent of the Plan.

G. Revocation or Withdrawal of the Plan. The Debtor reserves the right to revoke or withdraw the Plan at any time prior to the confirmation date. If the Debtor revokes or withdraws the Plan, then the Plan will be deemed null and void and nothing contained in the Plan will be deemed to constitute a waiver of any claim by or against the Debtor or any other entity or shall prejudice in any manner the rights of the Debtor or any entity in any further proceedings involving the Debtor.

Respectfully submitted,

FOR THE DEBTOR:
DiDonato & Winterhalter, P.C.

BY: _____
PAUL J. WINTERHALTER
COUNSEL FOR DEBTOR

DATED: *November 17, 2003*

*PJW.November 14, 2003 (3:42PM)*